**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **OLGER OSWALDO BUNAY GODOY,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1825-KC** |
| **DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,** | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Olger Oswaldo Bunay Godoy's Petition for a Writ of Habeas Corpus, ECF No. 1.

This Court granted in part Bunay Godoy's pervious petition for a writ of habeas corpus on procedural due process grounds on March 17, 2026. *See* Order, *Bunay Godoy v. Bondi*, 3:26-cv-629-KC (W.D. Tex. Mar. 17, 2026), ECF No. 5. And ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. *Id.* at 3.

In compliance with the Court's March 17 Order, Bunay Godoy was provided with a bond hearing on March 19, at which the IJ determined that Bunay Godoy was a flight risk and denied him bond on this basis. Final J., *Bunay Godoy*, 3:26-cv-629-KC (W.D. Tex. Mar. 26, 2026), ECF No. 8. Finding no matters remained to be resolved, the Court closed the case. *Id.*

Bunay Godoy has now filed the instant Petition, challenging his detention as unlawful under the Fifth Amendment and seeking his immediate release or a bond hearing. Pet. ¶¶ 40–67, *id.* at 10.

But Bunay Godoy already received a bond hearing on March 19, 2026, at which he was denied bond due to flight risk. *See* Final J., *Bunay Godoy*, 3:26-cv-629-KC. And Bunay Godoy's new Petition does not contain any allegations that would indicate that the IJ failed to make factual findings or conduct an individualized determination. *See generally* Pet. When a person has already received an individualized custody determination by an IJ, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that they are a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). To the extent Bunay Godoy disagrees with the IJ's determination, he could have filed an appeal with the Board of Immigration Appeals or requested a custody redetermination, and he still may request a custody redetermination. Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction.

There is also no indication that Bunay Godoy is subject to a final order of removal, which would trigger a new claim and a different reasonableness standard for prolonged detention. *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, his Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

**IT IS FURTHER ORDERED** that the Motion to Expedite, ECF No. 2, is **DENIED** as moot.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 8th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE